884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald M. TINSLEY, Defendant-Appellant.
 No. 88-7756.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 24, 1989.
Decided Aug. 16, 1989.
 
 Donald M. Tinsley, appellant pro se.
 Thomas Jack Bondurant, Jr., Office of the United States Attorney, for appellee.
 Before DONALD RUSSELL, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald M. Tinsley was convicted in 1985 of racketeering conspiracy and racketeering because of his involvement in the sale of drugs through the Pagan Motorcycle Club. He appealed his conviction unsuccessfully, United States v. Tinsley, 800 F.2d 448 (4th Cir.1986), and now raises further claims of error in this motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255, which was denied in the district court. After a thorough review of the trial record, we affirm.
 
 
 2
 Tinsley first maintains that the district court was required to hold an evidentiary hearing on his Sec. 2255 motion and make findings of fact. As the motion, files and record of this case show conclusively that no relief is due, no hearing was necessary. 28 U.S.C. Sec. 2255.
 
 
 3
 Among his various other claims, Tinsley contends that the conspiracy count was multiplicative in that it charged a single RICO conspiracy, while the evidence revealed many conspiracies among his co-defendants, not all of which included him. Defects in an indictment ordinarily are not a basis for relief on a Sec. 2255 motion, Tallman v. United States, 465 F.2d 282, 286 (7th Cir.1972), unless it is clear that no federal offense is charged. Tinsley was convicted of participation in the overall conspiracy to distribute methamphetamine through the Pagan organization, and evidence was presented at trial which showed Tinsley's involvement in this conspiracy. That he may not have participated in all the predicate acts described, some of which may have involved separate conspiracies among other defendants, does not affect his conviction. United States v. Schell, 775 F.2d 559, 569 (4th Cir.1985), cert. denied, 475 U.S. 1098 (1986); United States v. Ruggiero, 726 F.2d 913, 923 (2d Cir.), cert. denied, 469 U.S. 831 (1984).
 
 
 4
 Similarly, his claim that the racketeering count is duplicative because the racketeering acts could have been charged as separate crimes is without merit as the offense charged is the furtherance of the racketeering enterprise, not the commission of the individual racketeering acts. United States v. Phillips, 664 F.2d 971, 1015 (5th Cir.1981), cert. denied, 457 U.S. 1136 (1982).
 
 
 5
 Because Tinsley learned, about a month before trial, that his attorney was being investigated on drug charges himself, he maintains that the attorney's continued representation denied him the right to effective counsel. However, the matter was explored at an in-court hearing at which the judge offered to continue the trial to give Tinsley an opportunity to obtain new counsel. Tinsley rejected the offer and expressed his desire to have the attorney continue to represent him. This claim fails because the right to counsel includes the defendant's right to retain counsel of his choice where he is able to do so, and because Tinsley's related allegations of ineffective representation do not meet the test set out in Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 6
 As none of Tinsley's other claims have merit, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and it would not aid the decisional process.
 
 
 7
 AFFIRMED.